UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-14040-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAVAR WYCHE,

    Defendant.
_____/



FILED by _____ D.C.

MAR 26 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON SUPERSEDING PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a final evidentiary hearing on March 26, 2012 in respect to the Superseding Petition Alleging Violations of Supervised Release, and this Court having conducted an evidentiary hearing at which time testimony, evidence, and arguments of counsel were received, this Court recommends to the District Court as follows:

    1.    The Defendant is charged in a Superseding Petition with the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about January 29, 2012 in Saint Lucie County, Florida, the defendant did commit battery touch or strike, contrary to Florida Statute 784.03. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 16, 2012 in Indian River County, Florida, the defendant did knowingly and willfully obstructs, resists, or opposes any officer of the United States or other person duly authorized in serving or attempting to serve or execute any legal or judicial writ or process of any court of the United States or |

United States Magistrate Judge, contrary to 18 U.S.C. § 1501.

2. At the outset of the final evidentiary hearing, counsel for the Defendant announced that the Defendant wished to proceed with a final evidentiary hearing in respect to Violation Number 1 set forth in the Superseding Petition. At that same time, counsel for the Defendant announced that the Defendant would admit Violation Number 2. Therefore, this Court proceeded with the final evidentiary hearing in respect to Violation Number 1 first and then at the conclusion of that hearing, conducted a change of plea hearing during which the Defendant admitted the allegations set forth in Violation Number 2. This Court will separate each of those proceedings in this Report and Recommendation in order that this District Court has all of the facts set forth separately as to each violation since the disposition of each of those violations was handled separately by this Court.

## **EVIDENTIARY HEARING AS TO VIOLATION NUMBER 1**

3. The government called as its sole witness Officer Charles Singletary of the Fort Pierce Police Department. On January 21, 2012, Officer Singletary was in uniform and on duty in his marked patrol car. He was dispatched to the area of North 31st Street and Avenue F in Fort Pierce concerning a complaint of battery.

4. Upon arriving at that location, he was able to find the alleged victim, Sharonda Marshall, who had been hiding from the Defendant. Officer Singletary testified that Ms. Marshall appeared scared, had her shirt ripped, hair missing, nervous and crying.

5. Government's Exhibit No. 1 admitted at this hearing is a photograph taken by Officer Singletary. It depicts the right side of Ms. Marshall's head where she said the

Defendant pulled out her hair. Government's Exhibit No. 2 admitted into evidence at this hearing is a photograph taken by Officer Singletary depicting the hair strands purportedly pulled out of Ms. Marshall's head as they were found lying on the seat in the Defendant's vehicle.

6. Ms. Marshall advised Officer Singletary that she was in the area of 25th Street and Avenue D in Fort Pierce and got of a car. She went to talk with this Defendant. An altercation occurred between her and the Defendant. The Defendant then purportedly dragged her by her hair back to the vehicle and ripped out her hair which is depicted in Government's Exhibit No. 2.

7. Officer Singletary identified the Defendant in open court at this hearing as the individual he later saw that same evening during the investigation of this battery complaint. Officers responded to the area of 31st Street and Avenue F in Fort Pierce and found the Defendant in an apartment there which belonged to the Defendant's sister. The Defendant had locked himself in the apartment. Ms. Marshall, the victim of the battery, advised the officers that the Defendant was in that apartment. The Defendant's sister arrived on the scene, but said the only key to the residence was inside. The housing supervisor for the apartment complex was called and gave entry to the apartment. The officers found the Defendant inside one of the rooms of that apartment. The Defendant appeared nervous, but denied putting his hands on Ms. Marshall.

8. Neither party objected to this Court taking notice and considering all of the other evidence which it previously received during the preliminary hearing held in respect to this Superseding Petition. That hearing was held on February 27, 2012. This Court has taken into consideration all of the evidence and testimony received at that proceeding as well. The Defendant was represented by counsel at that hearing.

9. The Defendant presented no witnesses or evidence at the final evidentiary hearing in respect to Violation Number 1 of the Superseding Petition.

10. Counsel for the Defendant argued that the victim was alone and there were no other witnesses located who could corroborate her statements to the police. The alleged victim, Ms. Marshall, was not present at this hearing. As stated by AUSA Acosta, Ms. Marshall was not issued a subpoena nor issued a summons to appear. Ms. Acosta learned recently that Ms. Marshall has moved out of town.

11. Counsel for the Defendant, AFPD Birch, argued that aside from the statements made by the victim to Officer Singletary, there is no firsthand evidence that the Defendant committed the battery in question.

12. At the conclusion of the evidentiary hearing, this Court found that the Defendant had violated his supervised release in respect to committing a battery on Sharonda Marshall. This Court noted that the standard of proof which the government must sustain is by a preponderance of the evidence. This Court finds that the

government has met its burden in that regard through the hearsay testimony admitted at this hearing. Those statements received by Officer Singletary from Sharonda Marshall identified this Defendant as the individual who committed the battery upon her by pulling her hair out of her head. The photographs taken by Officer Singletary shortly after the incident corroborate his testimony and the allegations made by Sharonda Marshall. It is noted that the evidence received by this Court was that the hair found on the seat of the vehicle as depicted in Government's Exhibit No. 2 was in the Defendant's vehicle found at the apartment complex where he was eventually taken into custody in respect to the battery charge.

## REPORT AND RECOMMENDATION REGARDING DEFENDANT'S ADMISSION TO VIOLATION NUMBER 2

The Defendant appeared before this Court on March 26, 2012 for a final evidentiary hearing in respect to a Superseding Petition alleging two violations of supervised release. At the outset of the final evidentiary hearing, counsel for the Defendant announced that the Defendant wished to proceed with a final evidentiary hearing in respect to Violation Number 1 set forth in the Superseding Petition. At that same time, counsel for the Defendant announced that the Defendant would admit Violation Number 2. At the conclusion of the final evidentiary hearing in respect to Violation Number 1, this Court confirmed that was the Defendant's desire. After confirming this on the record, the Defendant was placed under oath and this Court proceeded with accepting the Defendant's admission to Violation Number 2 as follows:

| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 16, 2012 in Indian River |
|---|---|

County, Florida, the defendant did knowingly and willfully obstructs, resists, or opposes any officer of the United States or other person duly authorized in serving or attempting to serve or execute any legal or judicial writ or process of any court of the United States or United States Magistrate Judge, contrary to 18 U.S.C. § 1501.

The possible maximum penalties which the Defendant was facing were read into the record by the government and the Defendant stated that he understood those penalties. This Court questioned the Defendant and made certain that he understood his rights in regards to an evidentiary hearing in respect to Violation Number 2. Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

**ACCORDINGLY,** this Court recommends to the District Court as follows:

a. Based upon the evidence received during the final evidentiary hearing in respect to Violation Number 1 set forth in the Superseding Petition, this Court finds that the Defendant has violated his supervised release in respect to the allegations set forth in Violation Number 1 of the Superseding Petition;

b. Based upon the Defendant's admission to Violation Number 2 set forth in the Superseding Petition, this Court finds that the Defendant has violated his supervised release in respect to the allegations set forth in Violation Number 2 of the Superseding Petition; and

c. The District Court set a sentencing hearing for final disposition of this matter at its earliest convenience.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _26th_ day of March, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:
Hon. K. Michael Moore
AUSA Diana M. Acosta
AFPD Panayotta Augustin-Birch
U.S. Probation
U.S. Marshal