UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-14040-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAVAR WYCHE,

    Defendant.

_____/

FILED by _____ D.C.

JUL 15 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSIONS TO VIOLATIONS 1 AND 2 AS SET FORTH IN THE
PETITION FOR VIOLATIONS OF SUPERVISED RELEASE**

**THIS CAUSE** having come on to be heard for a final hearing in respect to the pending Petition Alleging Violations Of Supervised Release and this Court having conducted a hearing wherein the Defendant advised this Court that he wished to admit Violations Numbers 1 and 2 of the Petition, this Court recommends to the District Court as follows:

1. The Defendant appeared before this Court on July 15, 2013 for a final hearing in respect to a Petition Alleging Violations Of Supervised Release. That Petition alleges the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On June 4, 2013, the defendant failed to comply with the intake procedures as directed. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 4, 2013, the defendant signed an Admission of Drug Usage form admitting that he used marijuana on May 31, 2013. |

2.	After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violations Numbers 1 and 2 as set forth in the Petition.

3.	The government stated a factual basis to support the Defendant's admissions to each of these violations. That factual basis was taken from the confidential memorandum from Daniel Osking, Senior United States Probation Officer, to Judge Moore dated June 11, 2013. After the factual proffer was made into the record, both counsel for the Defendant and the Defendant agreed to those facts and that the facts supported the Defendant's admissions to these violations.

4.	The government announced the possible maximum penalties which the Defendant was facing. There was a discussion on the record concerning the maximum period of incarceration was two years, but the government announced the Defendant has already served that period of time so no additional incarceration could be imposed in this case. Further, the government after consulting with the U. S. Probation Office, stated that the Defendant was subject to an additional three years of supervised release less time already served. This would result in an additional one year of supervised release. However, the issue was raised on the record that there still exists the possibility that an additional full three years of supervised release may be available to the District Court to be imposed in this case.

5.	This Court discussed these possible penalties with the Defendant on the record. The Defendant understands that there exists the possibility of an additional full three years of supervised release, and the District Court may not be limited to the one additional year of supervised release. These issues will be resolved at the time of sentencing. Further, the Defendant acknowledged and agreed that in the future, should

he violate his supervised release, there may be facts and circumstances which would justify the District Court imposing additional incarceration time in respect to any future violations.

**ACCORDINGLY**, based upon the Defendant's admissions to Violations Numbers 1 and 2 under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violation Numbers 1 and 2 as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 15th day of July, 2013, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Adam McMichael
AFPD Fletcher Peacock
U. S. Probation